An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

KAREN GAIL SEXTON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65686

**FILED**

DEC 1 1 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER REVERSING IN PART AND REMANDING*

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of conspiracy to commit the crime of possession of stolen property. Second Judicial District Court, Washoe County; Patrick Flanagan, Judge.

Appellant Karen Gail Sexton contends that the district court abused its discretion by awarding $112,947 in restitution to the victim. Restitution is a sentencing determination, which this court will not disturb so long as it is based on "reliable and accurate evidence." *Martinez v. State*, 115 Nev. 9, 12-13, 974 P.2d 133, 135 (1999).

Sexton and her girlfriend stole designer sunglasses, watches, and jewelry from the victim. Sexton pleaded guilty and agreed to pay full restitution. When contacted by the Division of Parole and Probation, the victim requested $44,450. Sexton objected to the amount and the district court conducted an evidentiary hearing. At the hearing, the victim requested $112,947. The victim provided pictures of his sunglasses and testified regarding his personal knowledge of their value, as well as that of

14-40306

his miscellaneous jewelry. Regarding his watches, the victim provided screenshots of similar watches that he obtained from the online auction site EBay. Sexton cross-examined the victim as to why he was requesting a different amount than he had previously given and why he was including new items in his request, including a $72,000 watch he had not reported stolen. The victim explained that he did not know the value of his watch collection and had given his best estimates under the circumstances. The district court ordered Sexton to pay the full amount requested.

We conclude that the restitution award was not based upon reliable or accurate evidence. An owner may testify regarding the value of his property if he has personal knowledge or expert proof of the value, but he may not repeat another person's valuation. *Stephans v. State*, 127 Nev. ___, ___, 262 P.3d 727, 731 (2011). Here, the victim explained his personal knowledge regarding the value of his sunglasses and jewelry, and the district court found his testimony to be credible. However, the victim admitted that he did not know the value of his watches. The EBay information provided to support the restitution request was not reliable because many of the watches were merely "similar" to those which had been stolen and the amounts requested were based on the "starting bid," "current bid," and "buy it now" prices rather than actual selling prices. Moreover, several of the amounts sought and awarded were greater than the amounts supported by the EBay valuations. For the watches the victim was unable to find comparisons to, he admitted that he arrived at the requested values "arbitrarily" based on "rough estimates" of what he believed they were worth. We conclude that the district court abused its

discretion by imposing restitution in the amount of $112,947. Accordingly, we

      ORDER the judgment REVERSED IN PART AND REMAND this matter to the district court for a full restitution hearing.

                                                    , C.J.
Gibbons

_____, J.         _____, J.
Pickering                                       Saitta

cc:    Hon. Patrick Flanagan, District Judge
       Washoe County Alternate Public Defender
       Attorney General/Carson City
       Washoe County District Attorney
       Washoe District Court Clerk